**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL CORI SMITH, K72924,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **NURSE NICOLE** | ) | |
| **CARL BORJA,** | ) | **Case No. 25-cv-2067-DWD** |
| **JOSHUA SCHOENBECK,** | ) | |
| **LINDER,** | ) | |
| **HUGHES,** | ) | |
| **CHITTY,** | ) | |
| **JOHN DOE 2,** | ) | |
| **JOHN DOE 3,** | ) | |
| **C/O MARCUM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Michael Smith, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for his injured left ring finger. Plaintiff's Complaint (Doc. 1) proceeded beyond initial review against Defendants Brand and Borja, but while service was ongoing he filed an Amended Complaint (Doc. 17). Plaintiff's amended complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to

state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Amended Complaint**

The amended complaint is largely duplicative with Plaintiff's original complaint. Plaintiff alleges that on October 3, 2023, he fell and injured his left ring finger while attempting to climb into his top bunk. (Doc. 17 at 7). The injury caused significant pain and swelling, which he reported to Defendant Nurse Nicole each time she passed his cell. He alleges that during one of the encounters, Nicole told him she would not assist him because he called her a bad nurse. He alleges prior to this encounter he had also given Nicole three medical request slips, and he had placed a medical request slip in the box in his cellhouse. (*Id.*).

Despite his efforts, he was not seen until October 17, 2023, when he notified a non-party lieutenant of his plight and was sent to the medical unit. (Doc. 17 at 8). A non-party nurse practitioner then referred him to the emergency room of an outside hospital where it was determined that he had a dislocated finger. A nurse manually realigned his finger and attempted to place a metal splint, but Carl Borja (the transport officer, previously named as John Doe 1) insisted the metal splint would not be allowed at the prison. (*Id.*). The nurse informed Borja that without a metal splint, Plaintiff's finger was likely to dislocate again, but Borja insisted, and Plaintiff's fingers were buddy-taped

without any sort of splint. Two days later Plaintiff awoke with new pain in his finger. (*Id.*).

On October 19, 2023, Plaintiff told Defendant Marcum about his finger and his need for care. (Doc. 17 at 8). Plaintiff elaborates on his original complaint, alleging he told Markham about his issue "several times" during Markham's shift. (*Id.*). On October 20, 2023, he told Defendant Linder. Plaintiff alleges Linder was present one of the times he talked to Markham the previous day, but Linder laughed and ignored him. (*Id.* at 8-9). On October 21, 2023, Plaintiff told Hughes during the shower call line that he had a medical emergency with his dislocated finger and Hughes mere asked his cell location and told him to return to his cell. (*Id.* at 9).

During a shakedown on October 23, 2023, Plaintiff alleges he told Defendant Linder about his pain again, but Linder shrugged him off. (*Id.* at 9). He further alleges that he asked Chitty for medical assistance, but Chitty told him to stop talking and he was sent to segregation. (*Id.*). Plaintiff alleges that he asked Defendant Schoenbeck for help at his Adjustment Committee hearing on October 25, 2023, and tried to show Schoenbeck his swollen finger, but Schoenbeck would not help. (*Id.* at 9-10).

On October 31, 2023, Plaintiff learned his finger was dislocated again at the medical unit. He was taken to the hospital, but manual realignment of his finger failed, a wooden splint was placed, and he was returned to the prison. Plaintiff adds in his amended complaint that John Does 2 and 3, the transport officers, would not allow a doctor to place a metal splint even after the doctor explained the medical necessity of the splint. (*Id.* at 10). On November 3, 2023, he finally received a metal splint, but ultimately

his finger required two surgeries. Plaintiff alleges that the course of medical treatment left him disfigured with a permanent reduction in his range of motion. (Doc. 17 at 10). Plaintiff seeks monetary compensation. (Doc. 17 at 11).

Based on the allegations in the original Complaint, the Court designated the following claims:

**Claim 1:** **Eighth Amendment deliberate indifference claim against Defendant Nurse Nicole for refusing initial care in October of 2023;**

**Claim 2:** **Eighth Amendment deliberate indifference claim John Doe (transport officer on October 17, 2023) who refused the placement of a metal splint at the emergency room;**

**Claim 3:** **Eighth Amendment deliberate indifference claim against Defendants Linger, Marcum, Miles, Hughes, Nurse Jesse, and C/O Chitty for refusing to assist Plaintiff from October 19-23, 2023.**

Claims 1 and 2 were allowed to proceed, but Claim 3 was dismissed as inadequately pled. (Doc. 12). Based on the allegations new to the amended complaint, the Court will re-analyze Claim 3 as follows, and will add Claim 4:

**Claim 3:** **Eighth Amendment deliberate indifference claim against Defendants Markham, Linder, Hughes, Chitty, and Schoenbeck for their alleged refusal of care from October 17, 2023- October 25, 2023;**

**Claim 4:** **Eighth Amendment deliberate indifference claim against John Does 2 and 3 (transport officers on October 31, 2023) who refused the placement of a metal splint at the emergency room.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned

in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

**Analysis**

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

In the initial order of review, the Court dismissed Plaintiff's Claim 3 as inadequately pled because it was largely centered on isolated encounters with security staff. The Court emphasized that isolated instances are generally not enough to support a finding of deliberate indifference and Plaintiff did not allege he was in obvious distress nor that the defendants knew of the history of his injury. In the Amended Complaint, Plaintiff has clearly attempted to bolster his allegations against Markham, Linder, Chitty,

Hughes, and Schoenbeck by adding small allegations that suggest he talked to some of these individuals more than once or tried to show them a swollen finger. The Court is not persuaded that these small alterations take the defendants conduct from negligence into the realm of deliberate indifference. While there is no doubt that a dislocated finger could cause serious pain, it is not obvious that these guards who had passing encounters with Plaintiff believed that his well-being was seriously jeopardized or that he needed immediate medical attention. As for Schoenbeck, though Plaintiff asked to show his swollen finger, he admits Schoenbeck did not look at his finger and thus may not have realized the severity of the injury. As such, the Court again dismisses Claim 3 as inadequately pled.

Claim 4, alleging that John Does 2 and 3 explicitly refused medical advice from a doctor about the metal splint is sufficient to proceed. A refusal by prison staff to follow the recommendation of a medical specialist can form the basis for a deliberate indifference claim. *See e.g.*, *Zaya v. Sood*, 836 F.3d 800, 806 (7th Cir. 2016) (finding that a jury could infer deliberate indifference from a prison doctor's failure to promptly return an inmate to a specialist for follow-up care where the specialist had clearly detailed the risks of delaying the follow-up); *but see Riley v. Waterman*, 126 F.4th 1287, 1295-96 (7th Cir. 2025) (finding that a prison nurse practitioner was not deliberately indifferent for departing from a specialist's suggestion that an inmate receive high-top shoes for plantar fasciitis where the inmate did not exercise his ability to purchase acceptable shoes from commissary). At this preliminary juncture, Plaintiff's allegation that John Does 2 and 3 blatantly refused the recommended metal splint, despite the doctor's insistence that it

would help to avoid reinjury, is sufficient to proceed on a theory of deliberate indifference.

**MOTION FOR RECRUITMENT OF COUNSEL (DOC. 24)**

Plaintiff has filed a Motion for Recruitment of Counsel wherein he plainly alleges he has been unable to secure his own counsel. (Doc. 24 at 1). When confronted with a request under § 1915(e)(1) for recruited counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Plaintiff has attached copies of his attempts to recruit his own counsel (Doc. 24 at 2-5), but he has not explained why he believes this case is too difficult for him to pursue on his own. Thus far, Plaintiff has filed a successful complaint and amended complaint, he has identified and substituted a named party for a John Doe, and he has filed a few motions. All of these actions suggest that at this early phase of the litigation, Plaintiff is competent to manage on his own. The next phase will be closely guided by scheduling orders from the Court after the newly added John Does are identified, and Plaintiff has already demonstrated he can manage this. Accordingly, this motion is denied without prejudice. If Plaintiff renews a motion later, he must be specific about the tasks that are difficult for him to accomplish on his own.

## <u>Disposition</u>

**IT IS HEREBY ORDERED THAT Claim 4** of the Amended Complaint may proceed against Defendants John Doe 2 and 3, and Claims 1 and 2 may proceed as previously specified against Defendants Brand and Borja. By contrast, **Claim 3** is again insufficient to proceed against Defendants Linder, Hughes, Chitty, Markham, and Schoenbeck.

The Warden of Menard is still a party to this lawsuit having helped to identify John Doe 1, and he shall now help in official capacity only to help identify John Does 2 and 3. **<u>Plaintiff shall have 21 days to file a Notice with as much identifying information as possible about John Does 2 and 3, such as a physical description or nicknames</u>**. Failure to file the notice could result in the dismissal of John Does for failure to prosecute.

The Clerk of Court is **DIRECTED** to prepare for Defendants Nurse Nicole, Borja and Warden of Menard (official capacity for John Doe identification): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 17), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

Plaintiff's Motion for Recruitment of Counsel (Doc. 24) is **DENIED** without prejudice for the reasons explained in this Order.

**IT IS SO ORDERED.**

Dated: August 17, 2026

DAVID W. DUGAN
United States District Judge