**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL CORI SMITH, K72924,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 25-cv-2067-DWD** |
| **NURSE NICOLE BRAND,** | ) | |
| **CARL BORJA,** | ) | |
| **JOHN DOE 2,** | ) | |
| **JOHN DOE 3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Michael Smith, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for his injured left ring finger. Plaintiff's Complaint (Doc. 1) proceeded beyond initial review against Defendants Brand and Borja, and the Court recently approved the addition of a new claim against Defendants John Doe 2 and 3 about their role during a hospital visit in 2023 (Docs. 17, 50). On July 13, 2026, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 46) wherein he alleges the prison's medical director and utilization management official are preventing him from receiving a third surgery on his injured finger. Defendants responded to the Motion

(Doc. 53), arguing that injunctive relief is not warranted for numerous reasons. For reasons explained in this Order, Plaintiff's Motion (Doc. 46) is denied.

## **The Complaint and Amended Complaint**

The amended complaint is largely duplicative with Plaintiff's original complaint. Here, the Court will only recite facts relevant to the operative claims. Plaintiff alleges that on October 3, 2023, he fell and injured his left ring finger while attempting to climb into his top bunk. (Doc. 17 at 7). The injury caused significant pain and swelling, which he reported to Defendant Nurse Nicole each time she passed his cell. He alleges that during one of the encounters, Nicole told him she would not assist him because he called her a bad nurse. He alleges prior to this encounter he had also given Nicole three medical request slips, and he had placed a medical request slip in the box in his cellhouse. (*Id.*).

Despite his efforts, he was not seen until October 17, 2023, when he notified a non-party lieutenant of his plight and was sent to the medical unit. (Doc. 17 at 8). A non-party nurse practitioner then referred him to the emergency room of an outside hospital where it was determined that he had a dislocated finger. A nurse manually realigned his finger and attempted to place a metal splint, but Carl Borja (the transport officer, previously named as John Doe 1) insisted the metal splint would not be allowed at the prison. (*Id.*). The nurse informed Borja that without a metal splint, Plaintiff's finger was likely to dislocate again, but Borja insisted, and Plaintiff's fingers were buddy-taped without any sort of splint. Two days later Plaintiff awoke with new pain in his finger. (*Id.*).

On October 31, 2023, Plaintiff learned his finger was dislocated again at the medical unit. He was taken to the hospital, but manual realignment of his finger failed, a wooden splint was placed, and he was returned to the prison. Plaintiff adds in his amended complaint that John Does 2 and 3, the transport officers, would not allow a doctor to place a metal splint even after the doctor explained the medical necessity of the splint. (*Id.* at 10). On November 3, 2023, he finally received a metal splint, but ultimately his finger required two surgeries. Plaintiff alleges that the course of medical treatment left him disfigured with a permanent reduction in his range of motion. (Doc. 17 at 10).

Based on the allegations in the original and amended complaints, the Court designated the following claims:

**Claim 1:** **Eighth Amendment deliberate indifference claim against Defendant Nurse Nicole for refusing initial care in October of 2023;**

**Claim 2:** **Eighth Amendment deliberate indifference claim Carl Borja (transport officer on October 17, 2023) who refused the placement of a metal splint at the emergency room;**

**Claim 4:** **Eighth Amendment deliberate indifference claim against John Does 2 and 3 (transport officers on October 31, 2023) who refused the placement of a metal splint at the emergency room.**

(Docs. 12, 50).

## Motion for a Preliminary Injunction

Plaintiff argues in his Motion for a Temporary Restraining Order and Preliminary Injunction that he recently saw an outside doctor on April 30, 2026, who recommended a third surgery. (Doc. 46 at 3). Plaintiff contends that Dr. Young indicated the surgery

would be beneficial, but that the "medical director and utilization management are refusing the recommendation of the specialist citing cost." (*Id.*). Plaintiff alleges that without the surgery he continues to suffer in pain. He argues he has a great likelihood of success on his claim because clearly established caselaw dictates that a prison official cannot refuse to follow a specialist's medical recommendation. (*Id.* at 4-5). He argues he faces irreparable harm because he is in constant pain, he has lost movement and function, and he may face an inability to bend his finger in the future. (*Id.* at 5). He also argues that on a balancing scale, the cost of the surgery is outweighed by his pain and the possibility of permanent disfigurement. In support of the motion, Plaintiff submitted his own declaration.

In response, Defendants argue that Plaintiff is not entitled to the relief he seeks because it is not related to the underlying parties or claims, and the parties do not have authority to grant the relief he seeks. (Doc. 53). Additionally, they argue he has not exhausted the underlying claims, these latest developments do not substantiate deliberate indifference, he is not likely to suffer irreparable harm without this elective surgery, and the balance of harms weighs against granting this relief because it would equate to allowing an inmate or the Court to override sound medical judgment by prison medical staff. Defendants' response is supported by medical documentation, including the notes from Plaintiff's April 2026 appointment with Dr. Young about a third surgery. The notes indicated that Dr. Young discussed options including conservative treatment and further surgical intervention. (Doc. 53-1 at 6). Dr. Young noted that a PIP arthroplasty would not be beneficial, and he also discussed arthrodesis or amputation.

(*Id.*). Dr. Young indicated that Plaintiff wished to proceed with an arthrodesis, Plaintiff was warned of the risks and informed there was not a guarantee of a positive outcome, and the plan was to proceed with scheduling surgery. (*Id.*). A medical services referral form from the prison concerning the third surgery included a post-it note where someone wrote "ortho told pt arthrodesis would be of no benefit but pt wants surgery!" (Doc. 53-1 at 9). A second referral form indicated Plaintiff was seen on June 17, 2026, and the surgery was discussed further. (*Id.* at 10).

**Analysis**

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See* *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-

scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g., Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Most significant to the consideration of the present Motion is the relationship between the demand for injunctive relief and the underlying claims and parties in this case. The operative claims concern discrete events that occurred in 2023 when Plaintiff first sustained an injury to his hand, and before he had any surgeries. Specifically, Plaintiff faults a single nurse (Defendant Brand) for refusing initial care, and he faults three transport officers (Defendants Borja, and John Does 2 and 3) who refused the placement of a metal splint at the hospital on two occasions before he had any corrective surgery in 2023. Since that time, he has undergone two surgeries, and he now desires a third. In the present motion, he faults an unnamed medical director and utilization

management person or entity for hindering his access to a third surgery. Other than Plaintiff's finger injury still being a problem, Plaintiff draws no connection between his original claims in this lawsuit against Brand, Borja and John Does 2 and 3, and his present challenge securing approval for a third surgery. The lack of connection is fatal to Plaintiff's request for preliminary injunctive relief because such relief is meant only to preserve the status quo during litigation concerning the operative claims and parties. Plaintiff's new request, that the court order the medical director or utilization management personnel to provide him with surgery, is outside the bounds of the original claim, and thus injunctive relief is not appropriate.

**Disposition**

Defendants' Motion for an Extension of Time to Respond (Doc. 52) is **GRANTED** instanter and Defendants' response was considered. Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 2, 2026

DAVID W. DUGAN
United States District Judge